UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERBERT WOLFF, | No. C 06-5235 SI (pr) |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| A. C. NEWLAND, warden, | |
| Respondent. | |

## INTRODUCTION

This is the second federal petition for writ of habeas corpus from Herbert Wolff. His first petition was denied on the merits in May, 2002. See Wolff v. Newland, No. C 00-3619 SI. In August of this year, the Ninth Circuit granted Wolff's application to file a second or successive petition. See Wolff v. Newland, Ninth Cir. No. 06-70011. Wolff filed his second petition in this court on September 9, 2006. That petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

The petition contains the following information: Wolff was convicted of continuous sexual abuse of a child under the age of fourteen and engaging in lewd and lascivious conduct with a child between the age of 14 and 15. See Cal. Penal Code § 288, 288.5. He is in custody serving a 46-year prison sentence. He alleges that he sought review in the California Supreme Court, and that his petition was denied in 2005. He then filed this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The petition presents three claims for relief: (1) ineffective assistance of appellate counsel in that appellate counsel failed to assert claims that CALJIC 2.50.01 was constitutionally infirm and that California Evidence Code § 1108 violated Wolff's rights under the Ex Post Facto Clause, (2) the use of CALJIC 2.50.01 violated his right to due process, and (3) the use of California Evidence Code § 1108 evidence in his trial violated his rights under the Ex Post Facto Clause. Liberally construed, the claims are cognizable in a federal habeas action and warrant a response from respondent.

**CONCLUSION**

For the foregoing reasons,

1.  The claims identified above are cognizable claims for federal habeas relief and warrant a response.

2.  The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also send a copy of this order to petitioner.

3.  Respondent must file and serve upon petitioner, on or before **February 23, 2007**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases,

2

1 showing cause why a writ of habeas corpus should not be issued. Respondent must file with the
2 answer a copy of the record of all portions of the court proceedings that have been previously
3 transcribed and that are relevant to a determination of the issues presented by the petition.

4     4.    If petitioner wishes to respond to the answer, he must do so by filing a traverse
5 with the court and serving it on respondent on or before **March 30, 2007**.

6     5.    Petitioner is responsible for prosecuting this case. Petitioner must promptly inform
7 the court of any change of address and must comply with the court's orders in a timely fashion.
8 Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to
9 Federal Rule of Civil Procedure 41(b). Petitioner is cautioned that he must include the case
10 name and case number for this case on any document he submits to this court for consideration
11 in this case.

12     IT IS SO ORDERED.
13 DATED: December 15, 2006

_____
SUSAN ILLSTON
United States District Judge